NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

J'SSAN STROVER, *Appellant*.

No. 1 CA-CR 23-0476

FILED 03-11-2025

Appeal from the Superior Court in Maricopa County
No.  CR2021-001756-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

_____

**B A I L E Y**, Judge:

¶1        J'ssan Carlos Strover appeals his convictions and sentences for armed robbery, kidnapping, and burglary.  Counsel for Strover has filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this court that counsel has found no errors or arguable questions of law and asking us to search the record for fundamental, reversible error.  *See State v. Henderson*, 210 Ariz. 561, 567-69, ¶¶ 19-26 (2005); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  Strover was given the opportunity to file a supplemental brief *in propria persona*; he has not done so.  After reviewing the record, we affirm Strover's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Strover.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        A grand jury indicted Strover on five counts for acts that occurred on December 1, 2020: Counts One and Two, armed robbery, each a class 2 dangerous felony; Counts Three and Four, kidnapping, each a class 2 dangerous felony; and Count Five, burglary in the first degree, a class 3 dangerous felony.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1904, -1304, -1508.

¶4        The evidence presented at trial included the following: Strover entered a jewelry store as two store employees were closing the store for the night.  At gunpoint, Strover ordered the two employees back into the store and directed them to give him Rolex watches, gold necklaces, and other jewelry that was either on display or in the store's safe.

¶5        Both victims testified that Strover pointed his gun at them and ordered them into the store because he was not "messing around." Although Strover was wearing a COVID-19 style mask, one of the victims

2

was able to identify him from the "few little stubbly bumps on the tops of his cheeks." Surveillance footage captured Strover running out the front door of the store carrying a heavy bag full of jewelry. A police officer testified he discovered an abandoned vehicle in Brenda, Arizona; the vehicle contained a black trash bag full of boxes for jewelry displays, binoculars, a clawhammer, and a box and bill of sale for a Glock handgun. The bill of sale contained Strover's name and driver's license number along with his Phoenix home address. The officer also found three diamond rings on the ground near the vehicle. Crime scene investigators testified they lifted fingerprints from the trash bag and Glock case, both matching Strover's fingerprints.

**¶6** Several jewelers also testified they had purchased either gold, a Rolex, or diamond rings from Strover. Each jewelry item Strover sold contained a model and serial number that matched the model and serial numbers of the items taken during the robbery. And as part of each transaction, the jewelers required Strover to present his driver's license and provide his signature.

**¶7** The jury found Strover guilty as charged on all counts. The superior court sentenced Strover to the presumptive 15.75 years on Counts One and Two; the presumptive 15.75 years on Counts Three and Four; and the presumptive 11.25 years for Count Five. *See* A.R.S. § 13-704(D).

**¶8** The court further ordered that Counts One, Three, and Five run concurrently with one another; Counts Two and Four run concurrently with one another; Counts Two and Four run consecutive to Counts One, Three, and Five; and Counts One, Three, and Five run consecutive to Strover's sentence in a separate criminal case.[1] The court credited Strover for 876 days of presentence incarceration on Counts One, Three, and Five. Strover was also ordered to pay $268,960.25 in restitution as to Count Five and fines and fees in the amount of $4,463.71.

**¶9** We have jurisdiction over Strover's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶10** After reviewing counsel's brief, the court has searched the entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. The

---

[1] *See State v. Strover*, 1 CA-CR 22-0537, 2023 WL 7526072 (Ariz. App. Nov. 14, 2023) (mem. decision).

record reveals no reversible error. Strover was represented by counsel at all stages of the proceedings, and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The convictions are supported by substantial evidence. The court permitted Strover to speak at sentencing, but he voluntarily absented himself from the proceeding by "assaulting" the courtroom deputies as they attempted to guide him to the courtroom. The court imposed sentences within the statutory limits.

¶11 Upon the filing of this decision, defense counsel shall inform Strover of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Strover will have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶12 We affirm Strover's convictions and sentences.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR